# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0101-19T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

J.A.R.R.,

    Defendant-Respondent.

_____

> Argued November 12, 2019 – Decided December 11, 2019
>
> Before Judges Ostrer, Vernoia and Susswein.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Gloucester County, Complaint No. W-2019-000467-0806.
>
> Jonathan E. W. Grekstas, Assistant Prosecutor, argued the cause for appellant (Charles A. Fiore, Gloucester County Prosecutor, attorney; Jonathan E. W. Grekstas, on the briefs).
>
> Patricia B. Quelch argued the cause for respondent (Helmer, Conley & Kasselman, PA, attorneys; Patricia B. Quelch, of counsel and on the brief).

PER CURIAM

On leave granted, the State appeals from the trial court's July 18, 2019 order, entered after an earlier remand, denying the State's motion to detain defendant J.A.R.R. pretrial. Defendant is charged in a complaint-warrant with two counts of first-degree aggravated sexual assault of a minor under thirteen, N.J.S.A. 2C:14-2(a)(1), and one count of second-degree endangering the welfare of a child by engaging in sexual conduct with the child, N.J.S.A. 2C:24-4(a)(1). The State contends the court erred by relying on evidence of the child's sexual conduct, in violation of the Rape Shield Law, N.J.S.A. 2C:14-7. We affirm.

If true, the crime is a heinous one. Defendant is charged with assaulting his own daughter, then twelve-plus years old. The child first reported the assault to her mother. The child said that on one occasion about one year earlier, her father forcibly committed an act of cunnilingus on her, and digitally penetrated her vagina. She reported that while he was under the influence of alcohol or drugs, he entered her bedroom in the evening, and held her to the bed. She said he also exposed his penis. At the time, and until the report, she resided with her father and his girlfriend.

The State sought defendant's detention under the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to 26. Although defendant enjoys a presumption of innocence, see e.g., State v. Johnson, 61 N.J. 351, 360 (1972), he may be denied

pretrial release if, upon the State's motion, the court finds that no amount of monetary bail, non-monetary conditions, or combination of the two would reasonably assure: (1) his appearance in court when required; (2) the protection of the safety of any other person or the community; and (3) he will not obstruct or attempt to obstruct the criminal justice process. N.J.S.A. 2A:162-18(a)(1); see also N.J. Const., art. I, ¶ 11. As defendant was charged with a crime that carries a potential life sentence, see N.J.S.A. 2C:14-2(a), the prerequisites for detention are presumed, although he may rebut that presumption. N.J.S.A. 2A:162-19(b)(2). If he does so, by a preponderance of the evidence, N.J.S.A. 2A:162-19(e)(2), then the State must establish a prerequisite of detention by clear and convincing evidence to block defendant's release, N.J.S.A. 2A:162-19(e)(3).

In the initial detention hearing, the judge orally found that defendant failed to rebut the presumption. Pretrial Services, in its Public Safety Assessment (PSA), recommended that defendant be detained, noting his exposure to a life sentence. The PSA cited an "elevated risk of violence" under its "New Violent Criminal Activity Flag," although it scored defendant 2 out of 6 on the "New Criminal Activity" and "Failure to Appear" scales. The court ordered defendant detained pretrial. In its written decision, which N.J.S.A.

A-0101-19T6

2A:162-21(a)(1) requires, the court stated that defendant had rebutted the presumption, but the State proved all three detention prerequisites by clear and convincing evidence.

We remanded for amplified findings and a statement of reasons. In particular, since the court referenced the child's statement in connection with the "weight of the evidence" factor, see N.J.S.A. 2A:162-20(b), we held that the court was obliged to consider defendant's proffer that his daughter was motivated to fabricate. We also noted that the court did not clearly explain the basis for finding, in the written detention order, that defendant posed a risk of flight and a threat to the criminal justice process.

On remand, the court clarified that, contrary to its written decision, it initially found that defendant had failed to rebut the presumption of detention. However, upon reconsideration, the court found that defendant had overcome that threshold, and the State failed to meet its responding burden. Although the court's subsequent written findings and statement of reasons were sparse, the court amplified its reasoning in a written opinion.

The court gave significant weight to the State's proffer of the child's complaint. However, the court also gave moderate weight to the defense's proffer that the child had a motive to fabricate, which affected the strength of

4

the State's case, and in turn affected the safety-to-persons-and-the-community factor.[1] The court noted that the defense proffered that four witnesses (all related in some way to defendant) were present in court and prepared to testify the child had a reputation for untruthfulness. The defense also contended that the child's mother wanted the child to live with defendant, because the mother feared the child would falsely accuse her step-father of molestation. The court noted that the child reported the incident after she "got into trouble in school." The defense asserted that defendant was the child's "only source of discipline," and he forbade her to have a boyfriend. The defense argued that the child complained to avoid discipline, and to move to a less restrictive home.

Particularly pertinent to the State's appeal, the court also noted the defense's contention that the child's sexual conduct – including sexting and other sexual activity with her boyfriend – prompted defendant's discipline. The court also acknowledged the defense's argument that the child's alleged sexual activity was relevant "as evidence of her alternative source of sexual knowledge." However, the court declined to reach the question whether such evidence would

---

[1] See State v. Carroll, 456 N.J. Super. 520, 523 (App. Div. 2018) (stating that "if the weight of the evidence is weak, then a court may conclude it is less likely a defendant actually committed the offense," and "[t]hat would allow a court to conclude it less likely that the defendant would, if released, pose a danger to the community").

be admissible at trial under the Rape Shield Law. The court noted that Rule 3:4A(b)(2) states that "[t]he rules governing admissibility of evidence in criminal trials shall not apply to the presentation and consideration of information at the [detention] hearing."

The court found that defendant posed a "very low risk of failure to appear." The court noted: the Public Safety Assessment (PSA) scored him 2 out of 6 for that risk; defendant "challenge[d] . . . the weight of the State's case"; he denied the child's allegations and asserted he was anxious to defend himself in court; he had not failed to appear in court before; and he had significant ties to the community.

The court also found little threat to the criminal justice process. The court noted that defendant scored 2 out of 6 for risk of new criminal activity, and his last contact with the criminal justice system was in 2006 for a disorderly persons offense. The court found "no other evidence" that defendant would obstruct the criminal justice process.

The court ordered defendant released on pretrial monitoring level III, requiring, among other things, that he not contact the child or create a hostile environment for her, and he report weekly to Pretrial Services.

The State's principal point on appeal is that that the trial court erred by considering "evidence of specific instances of sexual conduct" that is irrelevant under the Rape Shield Law. The State acknowledged at oral argument on appeal that defendant had obeyed the conditions of release during the months since the trial court's order on remand. In light of that, the State conceded that detention was unlikely, even if we remanded again as the State requested for the trial court to revisit the State's detention motion without reference to the child's alleged sexual conduct. The State argues we should address the law's applicability to detention hearings, even if it would not affect the result in this case, because the issue may recur. However, the State presented no compelling proof that the issue has arisen repeatedly.

We decline the State's invitation to chart boundaries of territory where we need not tread.[2] We are convinced that the references to the child's alleged sexual conduct were not essential to the court's decision, and another remand would not change the result.

---

[2] We also reject the State's argument that the trial court exceeded the scope of our remand, by reconsidering, instead of providing additional reasons for, its initial decision. The detention order was interlocutory, and subject to the court's reconsideration. See State v. Hyppolite, 236 N.J. 154, 171 (2018) (stating that "[j]udges retain discretion to decide whether to reopen a detention hearing").

A-0101-19T6

Under the circumstances presented here, the court appropriately considered that the proffered evidence of the child's alleged sexual conduct might not be admissible at trial under the Rape Shield Law. See N.J.S.A. 2A:162-20(b) (stating that, in taking account of the weight of the evidence against the defendant, "the court may consider the admissibility of any evidence sought to be excluded").[3] Notably, the trial judge first identified the issue when the defense made its proffer at the initial hearing, without objection from the State. As in State v. J.A.C., even absent detail, the defense presented a motive to fabricate. 210 N.J. 281 (2012). Here, it was based on the proffer that the child had run afoul of school and parental authority; her father disciplined her, in particular, by forbidding her to have a boyfriend; and her complaint was motivated by a desire to avoid the father's discipline and secure an alternative residence.

Putting aside the issue of the Rape Shield Law, we discern no abuse of discretion in the decision to release defendant. See State v. S.N., 231 N.J. 497, 515 (2018) (establishing standard of appellate review). The trial court, in its written amplification, adequately set forth the basis for its decision. See

---

[3] We understand that this provision may, more typically, come into play when a defendant contends the weight of the evidence against him or her includes fruit of an illegal interrogation or search and seizure.

A-0101-19T6

N.J.S.A. 2A:162-21. The court considered "[t]he nature and circumstances" of the charged offenses, "the weight of the evidence," and "[t]he history and characteristics of the eligible defendant," including his family and community ties, past criminal history, and record of appearing in court. The court considered defendant's PSA scores. See N.J.S.A. 2A:162-16(b)(2).

Relevant to the safety-of-persons-and-the-community factor, the State presented no evidence that defendant repeated, or tried to repeat, his alleged criminal conduct in the year since the alleged assault. On the appeal, the State concedes it has no such evidence in the several months since his release. The State also presented no evidence that defendant expressly threatened or took any affirmative steps to intimidate the child or discourage her from disclosing the alleged assault. We recognize that intimidation may be subtle or implicit. However, since his release, the State conceded it had no evidence defendant had attempted, directly or indirectly, to contact or intimidate the child. These factors all tend to support the trial court's conclusion that release, subject to the conditions imposed, would reasonably assure that defendant does not obstruct the criminal justice process. Finally, the court concluded, in light of defendant's community ties, his intent to fight the charges, and the PSA score, that

9

conditional release would reasonably assure defendant's appearance in court when required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0101-19T6